UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michelle L. Trogdon, | ) C/A No. 1:11-3043-TLW-JRM |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Kim Woiczechowski;<br>Chanticleer Property Management, | ) |
| Defendants. | ) |

## *Background of this Case*

This civil action arises out of a landlord-tenant dispute. Plaintiff is a resident of Charlotte, North Carolina. Defendant Kim Woiczechowski is an employee of the second Defendant, Chanticleer Property Management, which manages rental properties in the greater Aiken (South Carolina) area.

Plaintiff rented a home on Boundary Street in Aiken in the summer of 2010 and resided there until July 23, 2011, when she vacated the property. Plaintiff alleges *(1)* the rental agreement was unconscionable when made; *(2)* since the landlord maliciously used a rental agreement which contained prohibited provisions, Plaintiff is entitled to recover, in addition to actual damages, an amount not to exceed three month's rent and attorney's fees; and *(3)* there was "Noncompliance by the landlord in general." In her prayer for relief, Plaintiff seeks Five Thousand Fifty Dollars ($5050). Appended to the Complaint are 54 pages of exhibits (ECF No. 1-1).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d at 1151, and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Erickson v. Pardus*, 551 U.S. at 93 (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition or complaint to include

claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct a plaintiff's or petitioner's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (*citing Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352.

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.,* 191 F.3d at 399 (*citing* 2 *Moore's Federal Practice* § 8.03[3] (3rd edition 1997)).

3

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to Plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id*.

This Court obviously lacks federal question jurisdiction over Plaintiff's landlord-tenant claims in this case. A *state* law cause of action would be cognizable in this federal court under the diversity statute, if that statute's requirements are satisfied. *Cianbro Corp. v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992), *affirmed*, *Cianbro Corp. v. Jeffcoat and Martin*, No. 92-2368, 10 F.3d 806 [Table], 1993 WL 478836 (4th Cir. Nov. 22, 1993). The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). Since Plaintiff is a resident of North Carolina and the two Defendants are, apparently, citizens of South Carolina, complete diversity of parties appears to be present in this case. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

Nonetheless, Plaintiff does not meet the jurisdictional amount required under the diversity statute. *See* Complaint (ECF No. 1), wherein Plaintiff seeks Five Thousand Fifty Dollars ($5050)

4

in her prayer for relief.  *See Miller v. Lifestyles Senior Housing Managers*, No. CIV S 05887LKKDAD, 2005 WL 1397401, *1 (E.D. Cal. June 13, 2005) ("Diversity jurisdiction requires complete diversity of citizenship among the parties, as well as a minimum amount in controversy of more than $75,000."); *Jennings v. University of North Carolina at Chapel Hill*, 240 F. Supp. 2d 492, 497 (M.D.N.C. 2002); *see also McCarty v. Amoco Pipeline Co.*, 595 F.2d 389, 390-95 & nn. 2-7 (7th Cir. 1979); *Cowan v. Windeyer*, 795 F. Supp. 535, 536-37 (N.D.N.Y. 1992); *Mutual First, Inc. v. O'Charleys of Gulfport, Inc.*, 721 F. Supp. 281, 282-83 & nn. 3-4 (S.D. Ala. 1989); *Woodmen of World Life Ins. Society v. Great Atlantic & Pacific Tea Co.*, 561 F. Supp. 640, 641-42 (N.D. Ill. 1982); *Carr v. Mid-South Oxygen, Inc.*, 543 F. Supp. 299, 300 (N.D. Miss. 1982).

Since there is no basis for federal question or diversity jurisdiction in this case, this federal court lacks subject matter jurisdiction over the above-captioned case.  *See* Fed. R. Civ. P. 12(h)(3), which provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important Notice on the next page.

November 21, 2011                                              Joseph R. McCrorey
Columbia, South Carolina                                United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that she may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **901 Richland Street**
> **Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).